ROBERT WISDOM AND SANDRA RATTLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wisdom v. Commissioner
Docket No. 28112-88
United States Tax Court
T.C. Memo 1991-327; 1991 Tax Ct. Memo LEXIS 376; 62 T.C.M. (CCH) 164; T.C.M. (RIA) 91327; July 16, 1991, Filed *376 An order of dismissal for lack of jurisdiction will be entered. Larry Klayman, for the petitioners. Ruud L. Duvall, for the respondent. DAWSON, Judge. PANUTHOS, Special Trial Judge.
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issues for decision are (1) whether the petition was timely filed and (2) whether the notice of deficiency was mailed to both petitioners at their "last known address" within the meaning of section 6212(b). Respondent determined *377 a deficiency in petitioners' 1984 Federal income tax in the amount of $ 8,235. Respondent also determined additions to tax under section 6651(a)(1) in the amount of $ 588 and under section 6661 in the amount of $ 1,645. FINDINGS OF FACT At the time of filing the petition herein, petitioner Robert Wisdom (Wisdom) resided in London, England, and petitioner Sandra Rattley (Rattley) resided in Washington, D.C. Petitioners were married on November 3, 1984. Petitioners resided at 3810 5th Street N.W., Washington, D.C. 20011 (hereinafter the 5th Street address) as husband and wife. Sometime prior to May 1987, petitioners separated. They were divorced on July 11, 1988. In January 1988, Wisdom permanently relocated to London, England. Rattley continued to reside at the 5th Street address. After the separation, Wisdom filed a notice of change of address with the U.S. Postal Service and all mail addressed to Wisdom was forwarded to his parents' address at 902 Crittenden Street, N.W., Washington, D.C. 20011 (the Crittenden Street address). Wisdom's parents generally forwarded his mail to him. The 1984 return was not made part of this record; however, the Form 1040X for 1984 is dated *378 April 15, 1987, and reflects the 5th Street address. Respondent's records reflect that Wisdom did not file a Federal income tax return for 1987 or 1988. Respondent's records also indicate that Rattley filed her 1987 Federal income tax return (married filing separately) in March 1989, reflecting the 5th Street address. Petitioners did not notify respondent in 1987 or 1988 that they were separated and living apart. On May 27, 1988, respondent sent, by certified mail, a notice of deficiency to petitioners, "Robert Wisdom and Sandra Rattley," at the 5th Street address. Since Wisdom's name appeared first on the notice of deficiency, the U.S. Postal Service forwarded the notice of deficiency to Wisdom's parents at the Crittenden Street address. Wisdom's parents subsequently forwarded it to Wisdom in England and Wisdom sent the notice of deficiency to Rattley. Rattley received the notice of deficiency sometime after the 90th day but prior to the 150th day after the original mailing date. A petition was filed with the Court on Thursday, October 27, 1988, which date is 153 days after the notice of deficiency was mailed. The petition was hand-delivered to the Court. The 150th day *379 after mailing of the notice of deficiency was Monday, October 24, 1988, which was not a legal holiday in the District of Columbia. While the petition purports to contain the signature of both petitioners, the signatures appear to have been made by the same person. An entry of appearance was filed by J. Lincoln Woodard (Woodard) on February 9, 1989. It is alleged by Rattley that upon receipt of the notice of deficiency, she gave it to attorney Woodard who filed the petition on behalf of both petitioners. While the entry of appearance reflected both names in the caption, Woodard referred to petitioner in the singular in the body of the form and under his signature. It has never been made clear what the parties' intentions were with respect to such representation. [2] Woodard was withdrawn as the representative in this case by Order dated May 31, 1990, after he resigned from practice before this Court. On April 12, 1991, attorney Larry Klayman (Klayman) filed an entry of appearance on behalf of petitioners. While Klayman purports to represent both petitioners, all arguments have been directed on behalf of Rattley. *380 OPINION Rattley argues that the notice of deficiency is invalid as to her because she was not given sufficient notice to file a timely petition. Alternatively, she argues that as a matter of equity and fairness and due to the untimely action by her prior counsel (Woodard), she should not be precluded from filing a petition in this Court for redetermination of the deficiency and additions to tax. Respondent argues that the notice of deficiency was sent to petitioners' last known address and since the petition was not timely filed, this case must be dismissed for lack of jurisdiction. Respondent concedes that petitioners are entitled to 150 days for filing a petition since Wisdom was residing outside the United States at the time the notice of deficiency was mailed. . It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; ; . The petition in this *381 case was filed 153 days after the notice of deficiency was mailed. The petition is untimely, even under the 150-day rule for filing a petition. Therefore, there is no question that we must dismiss this case. If we find that a valid notice of deficiency was not issued to either of petitioners, the dismissal would be against respondent as to either one or both petitioners. . If, on the other hand, we find that the notice of deficiency was valid, we must dismiss this case against petitioners due to an untimely petition. Section 6212(a) sets forth the requirements for the issuance of a notice of deficiency. Section 6212(b)provides: In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.
We have held on numerous occasions that actual receipt of a notice *382 of deficiency is immaterial if the notice was mailed to the taxpayer's last known address. , affg. on other grounds ; ; . The phrase "last known address" is not defined by the Code or regulations. In , we held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. We held that: a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, * * * a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination *383 of a previously filed return. * * * The address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using * * * both taxpayers' * * * [taxpayer identification numbers] in the case of a previously filed joint return. [. Emphasis in original; fn. ref. omitted.]
With respect to Wisdom, there is nothing in this record indicating that he provided any notice to respondent of an address different than that shown on the Form 1040X dated April 15, 1987. Further, there is no record of any subsequent returns being filed by Wisdom. Accordingly, we hold that the notice of deficiency was mailed to his last known address. The facts as to Rattley's last known address present a separate matter. It is clear that the notice of deficiency was sent to the correct house number since the 5th Street address is reflected on the most recently filed return prior to issuance of the notice of deficiency as well as in subsequent returns and the petition itself. *384 There is also no evidence in this record showing that Rattley gave notice to respondent prior to issuance of the notice of deficiency that she was separated and living apart from Wisdom. The problem here is that the notice of deficiency was not immediately received by Rattley since it was forwarded to Wisdom by the U.S. Postal Service, and it was not received by her until later. We recently had occasion to decide whether a notice of deficiency was sent to the taxpayer's last known address under similar circumstances. In , a notice of deficiency addressed to a husband and wife was forwarded by the U.S. Postal Service to the husband. The wife did not receive the notice of deficiency in time to file a timely petition. The taxpayer wife argued before this Court that the address reflected on the notice of deficiency was defective since it used her married name and not her maiden name, which she used after her divorce. The most recently filed return prior to mailing the deficiency notice did not reflect an address different than that shown in the notice of deficiency. In deciding that the notice of deficiency was sent *385 to the taxpayer wife's last known address, we indicated that the term "address" emphasized the place of delivery. We therefore concluded that the notice of deficiency which was mailed to the husband and wife was the taxpayers' last known address. The taxpayer's "last known address" is the address to which, in light of all surrounding circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . We have focused on respondent's knowledge at the time the notice of deficiency was mailed. . Respondent is required to exercise reasonable care and diligence in ascertaining and mailing a deficiency notice. , affd. . In this case respondent was not given the notice required by section 6212(b) that petitioners were separated or living apart. Respondent acted with reasonable care and diligence in mailing the notice of deficiency to Rattley at the 5th Street address which is reflected in the jointly *386 filed 1984 Form 1040X dated April 15, 1987. Rattley does not dispute the fact that she resided at the 5th Street address both before and after the notice of deficiency was issued. Accordingly, we hold that a valid notice of deficiency was mailed to Rattley's last known address. [3]
Since *387 a valid notice of deficiency was sent to both petitioners and, further, since a timely petition was not filed, we must dismiss this case for lack of jurisdiction on that basis. Because this is a jurisdictional question, we do not have discretion to extend the time for filing a petition with this Court. [4] We only have the limited jurisdiction expressly provided by law. Sec. 7442; ; ; . We note that petitioners can still pay the tax, file a claim for refund and, if the claim is disallowed, file a refund suit in a United States District Court or the United States Claims Court. . *388 See sec. 7422; , affd. without published opinion sub nom. (9th Cir., June 7, 1991). An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since we ultimately conclude in this case that we do not have jurisdiction, and further since none of the parties have raised the issue as to whether Wisdom was intended to be a party to this case, we need not resolve this question.↩
3. This case is distinguishable on its facts from , where the deficiency notice was not↩ mailed to the taxpayer's last known address, and where the Court of Appeals held under such circumstances that the time period for filing the petition in the Tax Court did not begin until the taxpayer received actual notice of the deficiency. Rattley could have avoided this situation if she had notified the Internal Revenue Service that she and Wisdom were separated. If she had done so, a duplicate original of the joint notice would have been sent to her separately at the 5th Street address, and she would not now be confronted with having filed an untimely petition.
4. To the extent petitioners seek to hold their former counsel (Woodard) responsible for the untimely filing of the petition herein, that is a matter between petitioners and their former counsel.↩